**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EDGAR DELEON-PUENTES,

        Petitioner,

v.                                                           Case Number: 08-CV-11786

LLOYD RAPELJE,

        Respondent.
                                           /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS  AND DENYING A CERTIFICATE OF APPEALABILITY**

Pending before the court is *pro se* Petitioner Edgar Deleon-Puentes's petition for writ of habeas corpus, filed on April 29, 2008, pursuant to 28 U.S.C. § 2254.  Petitioner is currently a state inmate, incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan.  In his petition, Petitioner challenges his guilty-plea convictions and sentences for (1) second-degree murder, Mich. Comp. Laws § 750.317, and (2) armed robbery, Mich. Comp. Laws § 750.529.  For the reasons stated below, the court will deny Petitioner's petition for writ of habeas corpus and will additionally deny a certificate of appealability.

**I.  BACKGROUND**

Pursuant to an agreement with the prosecution entered on February 26, 2007, Petitioner pleaded guilty to second-degree murder and armed robbery.  Petitioner testified that he hit the victim, a store clerk, on the back of her head with a hammer as she was bending over to locate an item he had asked to purchase.  He admitted that he then stole several items from the store.  The store clerk briefly lingered in a coma but

subsequently died of her injuries. The prosecutor had originally charged Petitioner with first-degree murder but agreed to dismiss that charge as a consequence of the defendant's agreement to plead guilty to the lesser degree of murder. The prosecutor also agreed that there would be no drug or sentence enhancement, no consecutive sentencing, and no Holmes Youthful Trainee status. The defense requested that Petitioner be sentenced to a "term of years" sentence of imprisonment, specifically forty-to-sixty, rather than a sentence of "life" imprisonment. The prosecutor agreed. At the plea hearing, Petitioner acknowledged to the trial judge that no one had forced or threatened him to plead guilty and that no one promised him anything other than what was agreed upon in court. The following plea colloquy took place:

    THE COURT:  Is anybody forcing you to plead guilty?

* * *

    THE DEFENDANT via INTERPRETER DEAN:  No one, nobody.
    THE COURT:  Is anybody threatening you to get you to plead guilty?

* * *

    THE DEFENDANT via INTERPRETER GUSHEN:  No, Your Honor.
    THE COURT:  Is anybody promising you anything else - -
* * *

    THE COURT: - - other than what's been said here in Court?

* * *

    THE DEFENDANT via INTERPRETER GUSHEN:  Nobody, Your Honor.
    THE COURT:  Okay. Is it your own choice to plead guilty?
* * *

    THE DEFENDANT via INTERPRETER GUSHEN:  Yes, Your Honor.

* * *

(Plea Hr'g Tr. 27-31, Feb. 26, 2007.)  At the hearing, Petitioner also confirmed that he understood the rights that he would give up by pleading guilty.  The trial court subsequently accepted Petitioner's plea as a knowing, voluntary, and understanding plea.  (Plea Hr'g Tr. 32-54.)  On March 30, 2007, the trial court sentenced Petitioner, pursuant to the plea agreement, to forty-to-sixty years imprisonment.  (Sent. Hr'g Tr. 34, Mar. 30, 2007.)

Thereafter, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, raising the following claims:

> I. The trial court unlawfully deprived [Petitioner] of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it scored 25 points on OV-1, when it scored 5 points on OV-2, and when it scored 15 points on OV-5.
>
> II. The trial court unlawfully violated the United Sates and Michigan Constitutions in sentencing [Petitioner] to a prison term of 40-60 years on both the second-degree murder and the armed robbery convictions.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal, "for lack of merit in the grounds presented," thereby confirming his convictions and sentence.  *People v. Deleon-Puentes*, No. 281345 (Mich. Ct. App. Nov. 28, 2007).  Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was denied on March 24, 2008, because the Michigan Supreme Court was "not persuaded that the questions presented should be reviewed by [the] Court."  *People v. Deleon-Puentes*, 746 N.W.2d 68 (Mich. 2008).  Petitioner now seeks the issuance of a writ of habeas corpus.  Petitioner attaches to his instant petition the brief he filed with the Michigan Court of Appeals.  This court construes Petitioner to be raising the same

3

claims for habeas review as he raised in the state appellate courts and addresses Petitioner's arguments accordingly.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), governs this court's habeas corpus review of state-court decisions and states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case.  *Id.* at 413.  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

4

established federal law erroneously or incorrectly." *Id.* at 411.

### III.  DISCUSSION

In Claim I, Petitioner alleges (1) that the trial court erred in scoring several offense variables and (2) that he was entitled to resentencing under *Blakely v. Washington*, 542 U.S. 296 (2004).  In Claim II, Petitioner alleges that (1) the trial court erred in departing from Michigan's Sentencing Guidelines, (2) his sentence was based on inaccurate information, and (3) his sentence constituted cruel and unusual punishment.  These claims are not cognizable upon federal habeas review and are without merit.

### 1.  Scoring of Offense Variables

In Claim I, Petitioner first claims that the trial court incorrectly scored his offense variables in determining his sentence under the Michigan Sentencing Guidelines.  However, this claim does not entitle Petitioner to habeas relief.  *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *see also Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.").  As a general matter, a habeas petitioner's claim that a state trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings.  *McPhail*, 412 F. Supp. 2d at 656; *see also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988) (holding that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987) (same).  Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process.  *See Estelle v. McGuire*,

502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). However, Petitioner has not alleged in his petition any such denial of fundamental fairness. *See id.*

Therefore, Petitioner's claim that the state trial court improperly scored the guidelines range is an issue of state law not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (holding that a claim that the sentencing court departed from Michigan Sentencing Guidelines presents an issue of state law only and is thus not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (same); *see also Branan* 861 F.2d at 1508 (finding that a claim that a court misapplied state sentencing guidelines is not cognizable on habeas review).

## 2.  Resentencing

Petitioner also alleges in Claim I that he is entitled to resentencing because his sentencing guidelines range was improperly increased by facts that no jury found beyond a reasonable doubt. In support of this claim, Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), in which the United States Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Petitioner's reliance on *Blakely*, however, is misdirected: *Blakely* involved a state trial court's departure from the State of Washington's *determinate* sentencing scheme. Michigan, in contrast, has an *indeterminate* sentencing system in which a defendant's

sentence incorporates a minimum and a maximum term.  The maximum sentence is not determined by the trial judge but is set by law.  *See People v. Drohan*, 715 N.W.2d 778 (2006), *cert. denied*, 549 U.S. 1037 (2006); *People v. Claypool*, 684 N.W.2d 278 (2004) (both citing Mich. Comp. Laws § 769.8).  "[M]ichigan's [S]entencing [G]uidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence."  *Drohan*, 715 N.W.2d at 790.  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 666 N.W.2d 231 (2003) (citing Mich. Comp. Laws § 769.34(2)). In Michigan, the trial judge sets the minimum sentence but can never exceed the maximum sentence.  *Claypool*, 684 N.W.2d at 286 n.14. Michigan's indeterminate sentencing scheme remains unaffected by the United States Supreme Court's holding in *Blakely*.  *Drohan*, 715 N.W.2d at 789.

As a result, the decision in *Blakely* has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not trespass on the province of the jury.  *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes such as the one used in Michigan, the state trial court's calculation of Petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights as occurred in *Blakely*, and Petitioner is therefore not entitled to habeas relief on this issue.  *See Worley v. Palmer*, No. 06-13467, 2006 WL 2347615 (E.D. Mich. Aug.11, 2006); *Toothman v. Davis*, No. 05-74561, 2006 WL 2190515 (E.D. Mich. Aug. 1, 2006).[1]  *See*

---

[1] Indeed, every judge in the Eastern District of Michigan that has considered the issue has also rejected *Blakely* challenges to the scoring of the Michigan Sentencing

*also People v. McCuller*, 739 N.W.2d 563 (2007), *cert. denied*, — U.S. —, 128 S.Ct. 1871, 170 L.Ed.2d 751 (2008).

Therefore, any claim that the Michigan state trial court improperly exceeded the sentencing guidelines does not warrant habeas relief. *Gonzalez v. Romanowski*, No. 06-10608, 2008 WL 344522, *6-7 (E.D. Mich. Feb 7, 2008). As stated above, claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Nor does Petitioner have any state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *see also Howard*, 76 Fed. App'x at 53. Finally, because the trial court's sentence was consistent with the plea agreement, Petitioner has waived any arguments regarding an

---

Guidelines on this basis. *See Delavern v. Harry*, No. 07-13293, 2007 WL 2652603 (E.D. Mich. Sept. 7, 2007) (Rosen, J.); *Brown v. Bell*, No. 06-15132, 2007 WL 2516933 (E.D. Mich. Aug. 31, 2007) (Cohn, J.); *Anderson v. Lafler*, No. 06-11945, 2007 WL 2480549 (E.D. Mich. Aug. 29, 2007) (Borman, J.); *Couch v. Prelesnik*, No. 05-70591, 2007 WL 2413090 (E.D. Mich. Aug. 21, 2007) (Friedman, J.); *Morgan v. Birkett*, No. 07-12396, 2007 WL 2318751 (E.D. Mich. Aug. 9, 2007) (Hood, J.); *Moffett v. Davis*, No. 06-13946, 2007 WL 2225875 (E.D. Mich. Aug. 1, 2007) (Roberts, J.); *Logan v. Booker*, No. 06-14240, 2007 WL 2225887 (E.D. Mich. Aug. 1, 2007) (Duggan, J.); *Djoumessi v. Wolfenbarger*, No. 05-70455, 2007 WL 2021837 (E.D. Mich. July 12, 2007) (Tarnow, J.); *Carattoni v. Stovall*, No. 07-11910, 2007 WL 1976459 (E.D. Mich. July 3, 2007) (Steeh, J.); *Jackson v. Curtin*, No. 06-13338, 2007 WL 1675296 (E.D. Mich. June 11, 2007) (Edmunds, J.); *Davis v. Lafler*, No. 05-60271, 2007 WL 1582221 (E.D. Mich. May 31, 2007) (O'Meara, J.); *Coffel v. Stovall*, No. 07-11927, 2007 WL 1452918 (E.D. Mich. May 15, 2007) (Ludington, J.); *Conner v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007) (Battani, J.); *Hall v. Lafler*, No. 05-73906, 2007 WL 1017036 (E.D. Mich. Apr. 2, 2007) (Zatkoff, J.); *Bell v. Booker*, No. 07-11070, 2007 WL 869169 (E.D. Mich. Mar. 22, 2007) (Taylor, J.) (all unpublished).

improper sentence. Therefore, the court will deny Petitioner's petition regarding this issue.

### 3.  Proportionality

Petitioner alleges in Claim II that he is entitled to habeas relief because his sentences violate the principle of proportionality. However, as discussed above, to the extent that Petitioner asserts in Claim II that his sentence is disproportionate or in error under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41); *Atkins v. Overton*, 843 F.Supp. 258, 260 (E.D. Mich. 1994). Because it is well-established that habeas relief does not lie for perceived errors of state law, *see, e.g.*, *Estelle*, 502 U.S. at 67-68, and there is also no federal constitutional right to individualized sentencing, *see United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995), Petitioner is not entitled to habeas relief regarding this claim.

Nor is Petitioner entitled to relief for his claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "[O]nly an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). And "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without

possibility of parole." *Thomas*, 49 F.3d at 261.

Petitioner received his sentence pursuant to a plea agreement. This court concludes that the state court acted within its discretion in imposing Petitioner's sentence, and there is no extreme disparity between Petitioner's crime and sentence so as to offend the Eighth Amendment. Habeas relief is therefore not warranted on this claim. Accordingly, the court finds that Petitioner is not entitled to habeas relief for his sentencing guidelines claims.

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w]

10

that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, the court concludes that reasonable jurists would not debate the court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted.  Therefore, the court will deny a certificate of appealability.

## V.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Petitioner's petition for writ of habeas corpus [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


                                s/Robert H. Cleland
                                ROBERT H. CLELAND
                                UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record and Edgar Deleon-Puentes 639528, SAGINAW CORRECTIONAL FACILITY, 9625 PIERCE ROAD, FREELAND, MI 48623  on this date, February 20, 2009, by electronic and/or ordinary mail.


                                s/Lisa Ware for Lisa G. Wagner
                                Case Manager and Deputy Clerk
                                (313) 234-5522