UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDGAR DELEON-PUENTES,

        Petitioner,

v.                                              Case Number: 08-CV-11786

LLOYD RAPELJE,

        Respondent.
_____/

**ORDER DENYING AS MOOT PETITIONER'S "MOTION FOR
CERTIFICATE OF APPEALABILITY" AND GRANTING PETITIONER
LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Edgar Deleon-Puentes filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on April 29, 2008. On February 20, 2009, the court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Denying a Certificate of Appealability." Now before the court is Petitioner's "Motion for Certificate of Appealability," and his "Prisoner Trust Fund Account Statement," to which Petitioner has attached a letter stating that he is requesting leave to proceed *in forma pauperis* on appeal. For the reasons stated below, the court will deny Petitioner's

motion for a certificate of appealability as moot[1] but will grant Petitioner leave to proceed *in forma pauperis* on appeal.

Before Petitioner may appeal the court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

---

[1]Petitioner's motion could be construed as a motion for reconsideration brought pursuant to E.D. Mich. LR 7.1 (g)(3), or as a Motion to Alter or Amend Judgment, brought pursuant to Fed. R. Civ. P. 59(e). However, if the court construes Petitioner's motion as a motion brought pursuant to either of these rules, the court would deny Petitioner's motion as untimely because Petitioner's motion was not filed within ten days of the court's judgment, as required under E.D. Mich. LR 7.1(g)(1) and Fed. R. Civ. P. 59(e). *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999) (holding that a habeas petitioner's motion to amend or alter a judgment denying a petition for writ of habeas corpus is untimely when it is filed more than ten days after the judgment is entered).

Furthermore, Eastern District of Michigan Local Rule 7.1 states:

> (3) *Grounds.* Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3). Thus, even if the court were to consider Petitioner's motion under those rules, the court would nevertheless find that Petitioner failed to "demonstrate a palpable defect by which the court and the parties have been misled." *Id.*

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies the substantial showing threshold when he demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his petition, Petitioner made two claims regarding state trial court violations. In Claim I, Petitioner alleged that the trial court erred in scoring several offense variables and that he was entitled to re-sentencing under *Blakely v. Washington*, 542 U.S. 296 (2004).

The court nonetheless found "that the state trial court improperly scored the guidelines range is an issue of state law not cognizable on habeas review." *Deleon-Puentes v. Rapelje*, No. 08-11786, 2009 WL 424879, at *3 (E.D. Mich. Feb. 20, 2009) (citations omitted). With respect to Petitioner's *Blakely* claim, the court stated, "Petitioner's reliance on *Blakely*, however, is misdirected: *Blakely* involved a state trial court's departure from the State of Washington's determinate sentencing scheme. Michigan, in contrast, has an indeterminate sentencing system in which a defendant's sentence incorporates a minimum and a maximum term." *Deleon-Puentes*, 2009 WL 424879, at *4 (citations omitted). Therefore, the court found that Petitioner's claims were state law issues not cognizable on federal habeas review.

In Claim II, Petitioner contended that (1) the trial court erred in departing from Michigan's Sentencing Guidelines, (2) his sentence was based on inaccurate information, and (3) his sentence constituted cruel and unusual punishment. Because Petitioner's claims involved state law issues, the court found that Petitioner's claims

3

were not subject to federal habeas review. In addition, because Petitioner received his sentence pursuant to a plea agreement, the court concluded that the state court acted within its discretion in imposing Petitioner's sentence. *Deleon-Puentes*, 2009 WL 424879, at *5.

As explained more fully in the court's February 20, 2009 opinion and order, Petitioner's petition was denied because his sentencing claims are not cognizable claims for federal habeas review, "[t]hese claims are not cognizable upon federal habeas review and are without merit." *Deleon-Puentes*, 2009 WL 424879, at *3. Because the court denied a certificate of appealability to Petitioner in its February 20, 2009 opinion and order, the court will deny as moot Petitioner's motion for a certificate of appealability.

Petitioner has also filed his "Prisoner Trust Fund Account Statement," to which he attached a letter explaining that he requests leave to proceed *in forma pauperis* on appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *Moceri v. Stovall*, No. 06-CV-15009, 2009 WL 233848, at *5 (E.D. Mich. Jan. 29, 2009) (quoting *United States v. Cahill-Masching*, No. 97-C-3231, 2002 WL 15701, at *3 (N.D. Ill. Jan. 4, 2002)). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, will grant Petitioner leave to proceed *in forma pauperis* on appeal.

For the reasons stated above, IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 16] is DENIED AS MOOT.

IT IS FURTHERED ORDERED that Petitioner's "Prisoner Trust Fund Account Statement," which the court construes as a request for leave to proceed *in forma pauperis* on appeal [Dkt. # 17], is GRANTED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: April 20, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 20, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522